Of Counsel:
ALSTON HUNT FLOYD & ING
Attorneys at Law
A Law Corporation

JAMES K. TAM            1485-0
MIRIAH HOLDEN           9011-0
RYAN J. LOEFFERS        9679-0
1001 Bishop Street, Suite 1800
Honolulu, Hawai`i  96813
Telephone: (808) 524-1800
Facsimile: (808) 524-4591
E-mail: jktam@ahfi.com
        mholden@ahfi.com
        rloeffes@ahfi.com


Attorneys for Plaintiffs
TRUSTEES OF THE PAMCAH-UA
LOCAL 675 TRUST FUNDS

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| TRUSTEES OF THE PAMCAH-UA LOCAL 675 TRUST FUNDS (Reginald V. Castanares, Jr., Valentino B. Ceria, Donovan E. Lewis, Kent A. Matsuzaki, Mark K. Suzuki, and Samuel T. Fujikawa), by and through their Administrator FRANCIS CHUN, <br><br>      Plaintiffs, <br><br>   vs. <br><br> ELITE MECHANICAL, INC., <br><br>      Defendant. | CIVIL NO. CV12-00279 JMS BMK <br><br> **FINDINGS AND RECOMMENDATION GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT ELITE MECHANICAL, INC. FILED ON JULY 23, 2012** <br><br><br><br> Hearing <br> Date:   August 29, 2012 <br> Time:   10:30 a.m. <br> Judge:  Hon. Barry M. Kurren |

**FINDINGS AND RECOMMENDATION GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT ELITE MECHANICAL, INC. FILED ON JULY 23, 2012**

Plaintiffs TRUSTEES OF THE PAMCAH-UA LOCAL 675 TRUST FUNDS ("Plaintiffs"), by and through their attorneys, Alston Hunt Floyd & Ing, hereby submit the following findings and recommendation on *Plaintiffs' Motion for Default Judgment Against Defendant Elite Mechanical, Inc.* filed July 23, 2012 ("the Motion").  The Motion was heard on August 29, 2012, at 10:30 a.m., by the Honorable Barry M. Kurren.  Miriah Holden appeared on behalf of Plaintiffs.  No other party appeared or was otherwise represented by counsel.

Having reviewed the Motion and considering the documents and evidence submitted in support thereof, the representations of counsel, and the files and records herein, and good cause appearing therefor, the Court finds and concludes as follows:

1.   This Court has jurisdiction over this action based on 29 U.S.C. § 185(a) of the Labor-Management Relations Act of 1947, as amended, and 29 U.S.C. §§ 1132 and 1145 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended.

2.   The Trust Funds are express trusts created by a written trust agreement subject and pursuant to Section 302 of the Labor-Management Relations Act (29 U.S.C. §§ 1002 and 1003), are multiple employee benefit plans organized and existing under

the laws of the United States, and have their principal place of business in the City and County of Honolulu, State of Hawai`i. The Trust Funds provide fringe benefits (which include the Pension, Health and Welfare, Vacation and Holiday, Training, Annuity and Cooperation Trust Funds) to Defendant Elite Mechanical, Inc.'s employees.

3.   Defendant Elite Mechanical, Inc. ("Defendant") is a domestic profit corporation, with its principal place of business in the City and County of Honolulu, State of Hawai`i.

4.   The Trust Funds receive, manage and administer employee benefits for Elite Mechanical, Inc.'s plumber and mechanical employees.  These benefits are funded from monthly money contributions paid by Elite Mechanical Inc. in consideration of and for labor, materials and other services furnished by those plumbers and mechanical employees under certain collective bargaining agreements and trust agreements appurtenant thereto ("Agreements") between Elite Mechanical, Inc. and Local 675 of the United Association of Journeymen and Apprentice Plumbers and Pipefitters of the United States and Canada ("Union").

5.   Elite Mechanical, Inc. entered into the Agreements with the Union covering all plumbers, mechanical contractors, and other workers described in the Agreements (collectively, "plumber and mechanical contractor" or "plumbers and mechanical contractors") employed by Elite Mechanical, Inc.

in the State of Hawai`i, and agreed to be subject to and bound
by all terms and conditions of the various trust agreements.

      6.   Under the terms of the Agreements, Elite
Mechanical, Inc. promised to contribute and pay to the Trust
Funds certain amounts for employee benefits for work performed
by Elite Mechanical, Inc.'s covered employees.  The amounts
would be paid to the Trust Funds on or before the due dates
specified in the Agreements.

      7.   Under the Agreements, Elite Mechanical, Inc. also
promised to submit timely reports to the Trust Funds regarding
hours worked by Elite Mechanical, Inc.'s covered employees,
which reports would be submitted to the Trust Funds on or before
the due dates specified in the Agreements, to permit audits of
its payroll records to allow the Trust Funds to ascertain
whether all contributions due and owing have been paid, and to
post a surety bond or cash-in-escrow to secure payment or
contributions, if required by the Trust Funds.

      8.   Under the terms of the Agreements, Defendant
Elite Mechanical, Inc. agreed to be subject to and bound by all
terms and conditions of the various trust agreements, and
further promised that in the event any monthly contributions
were not paid when due, Defendant would pay to each trust fund
liquidated damages in the amount of ten percent (10%) of the
contributions due to each respective fund, for each and every
delinquent monthly contribution as provided by the Agreements.

9.   Defendant Elite Mechanical, Inc. has breached its contractual obligations under the Agreements by failing to submit its reports and pay its contributions, liquidated damages and other amounts due and owning thereunder.

10.   It has been necessary for the Trust Funds to engage legal counsel to demand submission of Defendant's reports and payroll registers, collect contributions and liquidated damages and/or obtain an audit, and the Trust Funds are entitled to an award of their court and collection costs and reasonable attorneys' fees in connection therewith.

11.   On May 21, 2012, Plaintiffs filed a *Complaint for Specific Performance, Assumpsit and Damages* ("Complaint") against Defendant Elite Mechanical, Inc. to enforce the terms of the Agreements, alleging that Defendant materially breached the terms of and its obligations under the Agreements by, among other things, failing to (a) pay liquidated damages for the months of January 2012 through March 2012 in the total amount of $16,022.47, (b) pay contributions for the months of January 2012 through March 2012 in the total amount of $162,263.67 less a deposit in the amount of $28,604.98 for a total of $133,658.69, and (d) submit its pay registers and pay contributions and liquidated damages, despite demands by Plaintiffs.

12.   The Clerk of this Court entered default against Defendant Elite Mechanical, Inc. on June 20, 2012.

13.   Defendant is not an infant or an incapacitated person and its default has not been set aside.

14.   Defendant has failed to pay liquidated damages for the months of January 2012 through May 2012 in the total amount of $23,857.07, but an award of liquidated damages is not warranted here.

15.   Defendant Elite Mechanical, Inc. has failed to pay contributions for the months of January 2012 through May 2012 in the total amount of $219,051.37 less amounts being held on deposit in the amount of $28,772.78, for a total outstanding balance of $190,278.59.

16.   Pursuant to the Agreements, the Plaintiff Trustees are authorized and empowered to have authorized representatives of the Trust Funds' Administrative Office examine and audit Defendant's payroll books and records to permit the Trust Funds to determine whether Defendant Elite Mechanical, Inc. is making full payment as required under the Agreements.

17.   Under terms of the Agreements, Defendant further promised that if it became necessary for the Trust Funds to take legal action to obtain its reports, conduct an audit and/or enforce payment of contributions and/or liquidated damages from Defendant, Defendant would also pay all of the Trust Funds' auditor's fees and costs, court and collection costs and reasonable attorneys' fees.

18.   Plaintiffs have incurred attorneys' fees in the amount of $2,418.82 (which includes 4.712% general excise tax) and costs in the amount of $432.10, for a total fees and costs award of $2,850.92.

19.   The Trust Funds are not barred or precluded from later seeking all amounts owed for contributions, liquidated damages and interest which may subsequently be discovered through audits or otherwise.

## RECOMMENDATION

IT IS HEREBY RECOMMENDED that the Motion is GRANTED, in part, and DENIED in Part.  A Default Judgment shall be entered in favor of Plaintiffs and against Defendant as follows:

(a)   Plaintiffs are awarded **$190,278.59** in unpaid contributions for the months of January 2012 through May 2012;

(b)  Plaintiffs are not entitled to liquidated damages for months of January through May 2012 in the total amount of $23,857.07;

(c)   Plaintiffs be permitted to audit Defendant's payroll books and records in accordance with the Agreements; and

(d)   Plaintiffs are awarded reasonable attorneys' fees in the amount of $2,418.82 (which includes 4.712% general excise tax) and costs in the amount of $432.10, for a total fees and costs award of **$2,850.92.**

(e)   Pursuant to paragraphs (a) and (d) above, Plaintiffs are awarded the total amount of **$193,129.51.**

The judgment shall be entered as a final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure as there is no just reason for delay.

IT IS SO FOUND AND RECOMMENDED.

DATED:   Honolulu, Hawai`i, October 3, 2012.



  /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

*Trustees of the PAMCAH-UA Local 675 Trust Funds v. Elite Mechanical, Inc.*; CIVIL NO. CV12-00279 JMS BMK; **FINDINGS AND RECOMMENDATION GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT ELITE MECHANICAL, INC. FILED ON JULY 23, 2012**